IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JAN 15 2014
CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | |
|---|---|
| CUONG VU, | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | § NO. 4:12-CV-760-A |
| | § |
| LURACO TECHNOLOGIES, INC., | § |
| | § |
| Defendant. | § |

MEMORANDUM OPINION
and
ORDER

Before the court for decision is the deemed motion for summary judgment of defendant, Luraco Technologies, Inc. For the reasons given below, the court has concluded that judgment should be rendered for defendant, dismissing all claims of plaintiff, Cuong Vu, against defendant. Also, the court has sua sponte considered whether any of the counterclaims alleged by defendant in the document it filed December 5, 2012, titled "Defendant's Second Amended Original Answer and Counter-Claims" has legal merit; and, the court has concluded that defendant has failed to state any counterclaim upon which relief may be granted, with the consequence that defendant's counterclaims against plaintiff should be dismissed, as well.

I.

## The Deemed Motion for Summary Judgment

After defendant, with leave of court, filed on November 25, 2013, its supplemental answer raising the defense that plaintiff's claims in the above-captioned action should be dismissed because of the failure of plaintiff to disclose those claims in his June 6, 2011 bankruptcy court filing,[1] the court, by order signed December 30, 2013, sua sponte deemed that a motion for summary judgment had been filed by defendant raising the issues that:

> (1) There is no genuine dispute as to any material fact and defendant is entitled to judgment as a matter of law on the ground that plaintiff is judicially estopped from pursuing the claims he has asserted in the above-captioned action because of his failure to disclose such claims in his filings in Bankruptcy Case No. 11-43194-rfn-7; and
>
> (2) There is no genuine dispute as to any material fact and defendant is entitled to judgment as a matter of law on the ground that the Trustee in Bankruptcy Case No. 11-43194-rfn-7 is the real party in interest, within the meaning of Rule 17(a)(3) of the Federal Rules of Civil Procedure, as to the claims plaintiff is asserting the above-captioned action.

Dec. 30, 2013 Order at 1-2. Each party was given until January 13, 2014, to file (1) whatever evidence, in a form

---

[1] In the November 25, 2013 order granting defendant leave to file its supplemental answer, the court informed the parties that the court is taking judicial notice of each of the items listed on the docket in plaintiff's bankruptcy case, which bears Bankruptcy Case No. 11-43194-rfn-7.

2

contemplated by Rule 56 of the Federal Rules of Civil Procedure, such party wished the court to consider in connection with such deemed motion for summary judgment and (2) a document providing the court with appropriate authorities and argument in support of his or its position on such issues.

II.

Items Filed by the Parties on January 13, 2014

On January 13, defendant filed a document titled "Defendant Luraco's Second Motion for Summary Judgment" along with a supporting appendix, and plaintiff filed a document titled "Plaintiff's Response to Defendant Luraco's Motion for Summary Judgment Concerning Judicial Estoppel," with a supporting appendix.

Neither party responded exactly as the court's December 30, 2013 order contemplated, but each party appears to have provided the court the evidentiary material pertinent to the deemed summary judgment issues described in the December 30 order upon which the party relies in opposition to or in support of his or its positions on those issues.

The document filed by defendant emphasizes that plaintiff's claims are barred by judicial estoppel. Plaintiff argues that his mental condition and state of mind at the time he filed his bankruptcy case was such that he should be excused from his

3

failure to disclose in his bankruptcy filings the existence of the claims he is making in the above-captioned action against defendant.

III.

### Notice Given to the Trustee of Plaintiff's Bankruptcy Estate of the Pendency of this Action and the Possibility That it Will Be Dismissed

The papers in Bankruptcy Case No. 11-43194-rfn-7 reflect that John D. Spicer ("Spicer") was serving as the Chapter 7 Trustee of the bankruptcy estate of plaintiff and his co-debtor in bankruptcy. They also indicate that the debtors in bankruptcy were discharged on September 12, 2011, under 11 U.S.C. § 727, and that on that same date the Chapter 7 Trustee was discharged. So that Spicer would be aware of the need for him to move expeditiously if he wished to intervene, or to be substituted for plaintiff, in this action, the court directed in the November 25, 2013 order that plaintiff's counsel mail by certified mail, return receipt requested, to Spicer a copy of that order along with a copy of the complaint by which plaintiff instituted this action, and that he also mail each of those items by regular to mail to each of the persons and other entities whose debts owed by plaintiff were discharged by the discharge he received in his bankruptcy case. Counsel for plaintiff filed on December 5, 2013, a certificate that on December 2 and December 3, 2013, he

complied with the mailing requirements of the November 25, 2013 order.

So that Spicer would be reminded of the threat that plaintiff's claims against defendant could be dismissed because of plaintiff's failure to disclose the claims in his bankruptcy court filing, the court ordered in the December 30, 2013 order deeming the filing of a motion for summary judgment on the issues set forth above be provided by the clerk of court to Spicer. The court records reflect that on December 30, 2013, the clerk complied with the order by sending a copy of the order to Spicer at the address provided in the order.

IV.

Analysis

A.  Plaintiff's Claims and Causes of Action are to be Dismissed

Undisputed in the record are the facts that: If any of the alleged claims or causes of action asserted by plaintiff against defendant in the above-captioned action actually exist, they came into existence before plaintiff filed his bankruptcy case; plaintiff should have disclosed all of those alleged claims and causes of action in his bankruptcy case filings; plaintiff failed to make such a disclosure; the bankruptcy case was closed; and plaintiff was given a discharge in bankruptcy. The response plaintiff filed January 13, 2014, proceeded on the assumption

5

that those are undisputed facts. Instead of taking issue with any of those facts, plaintiff urged the court not to rule against him because, he alleged, his failure to disclose his claims in the bankruptcy schedules was inadvertent. Plaintiff's only other response was that the bankruptcy trustee and creditors have the right to take over plaintiff's claims against defendant and also have the right to abandon the claims with the permission of the bankruptcy court. None of plaintiff's responsive arguments is persuasive.

The failure of plaintiff to disclose his claims against defendant to the bankruptcy court constituted an implied representation that he had no such claims. In Re Flugence, 732 F.3d 428, 432 (5th Cir. 2013). A claim of inadvertence similar to plaintiff's was made, and rejected, in In Re Flugence, with the explanation that for such a claim to have potential significance, the debtor "must show not that [the debtor] was unaware that [the debtor] had a duty to disclose [the debtor's] claims but that . . . [the debtor] was unaware of the facts giving rise to them," and that "[i]n other words, the controlling inquiry, with respect to inadvertence, is the knowing of facts giving rise to inconsistent positions -- a lack of awareness of a statutory disclosure duty for legal claims is not relevant." Id. at 433 (internal quotation marks omitted).

6

In In Re Flugence, the court made clear that the debtor's lack of knowledge that the bankruptcy law required disclosure is irrelevant. Id. Here, as in In Re Flugence, plaintiff knew of the facts underlying his alleged pre-bankruptcy claims against defendant, and he had a motive to conceal those claims because they, if disclosed, would be available to his creditors. Id. These facts, according to the Fifth Circuit in In Re Flugence, are fatal to plaintiff's inadvertence argument. Id.

Based on the principles announced in In Re Flugence, the court rejects plaintiff's contention that he should be excused for his failure to disclose his alleged claims in his bankruptcy filings. The three elements of judicial estoppel, id. at 431, are present here. Consequently, plaintiff is judicially estopped from asserting those claims in the above-captioned action.

The second issue raised in the deemed motion for summary judgment provides an independent, alternative ground why an entry of judgment of dismissal of this action is appropriate.

Plaintiff's assets, including any claims or causes of action he might have had against defendant when he filed his bankruptcy case, vested in his bankruptcy estate upon the filing of his bankruptcy petition. Kane v. National Union Fire Ins. Co., 535 F.3d 380, 385 (5th Cir. 2008). "Thus, a trustee, as the representative of the bankruptcy estate, is the real party in

interest, and is the only party with standing to prosecute causes of action belonging to the estate once the bankruptcy petition has been filed." Id.

Rule 17(a)(1) of the Federal Rules of Civil Procedure directs that "[a]n action must be prosecuted in the name of the real party in interest." Rule 17(a)(3) provides in pertinent part that "[t]he court may not dismiss an action for failure to prosecute in the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action."

In the instant case, the court has twice alerted the parties in interest, the person who was serving as the trustee of plaintiff's bankruptcy estate when plaintiff was discharged, as well as all of the creditors whose debts were discharged, that action must be taken in order to avoid dismissal of the claims asserted by plaintiff against defendant. Those having an interest in pursuing plaintiff's alleged claims against defendant have had a reasonable time for the real party in interest to ratify, join, or be substituted into this lawsuit, but no one who would qualify as a real party in interest has taken any of the steps authorized by Rule 17(a)(3). Therefore, an appropriate ruling to be made at this time is that the claims asserted by plaintiff in the above-captioned action be dismissed because

those claims are not being prosecuted in the name of the real party in interest. This is an alternative, self-sufficient, reason why the claims asserted by plaintiff against defendant in this action should be dismissed.

B. Defendant's Counterclaims are to be Dismissed

In the document defendant filed December 5, 2012, titled "Defendant's Second Amended Original Answer and Counter-Claims," defendant asserted counterclaims against plaintiff for business disparagement, for declaratory action and attorney's fees, and for attorney's fees. The court sua sponte has evaluated whether any of those counterclaims states a claim upon which relief may be granted. The court has concluded that none of them does.

The counterclaim for business disparagement is based on alleged damage to defendant's reputation resulting from the filing by plaintiff of an EEOC claim that defendant contends was false. The court has concluded that there is no legal basis for any such counterclaim. The counterclaim for declaratory action and attorney's fees is nothing more than a request that the court adjudicate that the claims plaintiff has asserted against defendant in this action are without merit. The dismissal of those claims renders this second counterclaim theory moot. To the extent that the second counterclaim includes a request for recovery of attorney's fees under a Texas statute, it facially is

9

unmeritorious because the Texas statute simply would not apply to a federal declaratory judgment request. The third counterclaim for attorney's fees is based on state law that in no event would be applicable in this action, with the result that it facially is without merit.

Inasmuch as the court cannot conceive of any rational argument that could be made by defendant in support of any of its counterclaims, the court is not delaying a <u>sua sponte</u> ruling as to all of the counterclaims that none of them states a claim upon which relief may be granted and that all should be dismissed.

V.

Order

For the reasons given above,

The court ORDERS that all claims and causes of action asserted by plaintiff in the above-captioned against defendant be, and are hereby, dismissed.

The court further ORDERS that all counterclaims asserted in the above-captioned action by defendant against plaintiff be, are hereby, dismissed.

SIGNED January 15, 2014.

JOHN McBRYDE
United States District Judge